IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ARACELI MEDINA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:07-CV-63 |
| | § | |
| AMERICAN UNITED LIFE | § | |
| INSURANCE COMPANY; TATUM | § | |
| EXCAVATING, INC.; and TATUM | § | |
| EXCAVATING INC. EMPLOYEE | § | |
| BENEFIT PLAN, | § | |
| | § | |
| Defendants. | | |

**O R D E R**

The above-referenced case was referred to United States Magistrate Judge Caroline Craven for pre-trial purposes in accordance with 28 U.S.C. § 636. The Report and Recommendation of Judge Craven, which contains her proposed findings of fact and recommendations for the disposition of Plaintiff Araceli Medina Garcia's Motion for Summary Judgment, Dkt. No. 49, and of Defendant American United Life Insurance Company's ("American") Cross-Motion for Summary Judgement, Dkt. No. 53, has been presented for consideration. Plaintiff filed objections to the Report and Recommendation of the Magistrate Judge, and Defendant responded. Dkt. Nos. 62 and 64, respectively. The Court conducted a *de novo* review.

**I. BACKGROUND**

This lawsuit concerns American's denial of death benefits under an ERISA-governed group life insurance policy issued by American to Tatum Excavating Company, Inc. ("Tatum").

1

Plaintiff contends that American improperly denied benefits due her on the life of her deceased husband Salavador Garcia. Mr. Garcia was an employee of Tatum when, in January 2006, in Bowie County, Texas, he died as a result of injuries sustained when another driver crossed the median and struck Mr. Garcia's vehicle head-on. *See* Dkt. No. 1. Plaintiff is Mr. Garcia's widow and beneficiary under a group insurance policy issued to Tatum providing, among other things, life and accidental death and dismemberment benefits to Tatum's employees and their beneficiaries.

Plaintiff alleges that American improperly denied the claim because, according to American, Mr. Garcia was not legally employed and living in the United States at the time of his death, and that was "material" to American's decision to undertake and issue the policy. *Id*.

## II. REPORT AND RECOMMENDATION

In her Report and Recommendation of December 9, 2009, Judge Craven recommended that Plaintiff's Motion for Summary Judgment be denied and Defendant American's Cross-Motion for Summary Judgment be granted. Dkt. No. 57 at 37. Specifically, Judge Craven found that American properly rescinded the policy as to Mr. Garcia because the insured, Mr. Garcia, made a material misrepresentation in his application for enrollment that justifiably induced the issuance of the policy. *Id.* at 33-37.

Judge Craven pointed to the fact that "Plaintiff has offered no evidence to dispute [the] fact" that Mr. Garcia represented that his Social Security number ("SSN") was 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 and that the "Administrative Record establishes that this SSN belongs to a female who died in 1966." *Id*. at 33. The Magistrate Judge added that "[p]resumably, [Mr. Garcia] provided a false social security number because he was not a legal permanent resident." *Id*. at 34. Accordingly, the

Magistrate Judge concluded that Mr. Garcia made a fraudulent statement or misrepresentation to American before his death on his Group Enrollment Form. *Id*.

Judge Craven also found that Mr. Garcia's misrepresentation was material to American's risk or the hazard assumed by the insurer. Judge Craven noted that an applicant's SSN is a vital piece of information pertinent to the insurer's accurate identification of the person seeking to be insured, noting that "American actually issued coverage to an individual who only secured employment (upon which eligibility was based) by means of tendering a fraudulent identification to the employer." *Id*. at 36.

Additionally, in an ERISA case such as this, the Court must determine which standard of review to apply in reviewing the insurer's action: *de novo*, sliding scale, or abuse of discretion Judge Craven found that an abuse of discretion applied here. *Id*. at 13. As Judge Craven noted, "[u]nder ERISA, 'when an employee benefits plan gives its administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a reviewing court must evaluate the plan administrator's decision under an abuse of discretion standard.'" *Id*. at 11. Subsequently, Judge Craven concluded that American had not abused its discretion and that American's denial of benefits was proper under ERISA. *Id.* at 32.

### III. PLAINTIFF'S OBJECTIONS

Plaintiff argues the Magistrate Judge erred in finding that Mr. Garcia made a material misrepresentation that allowed American to retroactively rescind the policy. Dkt. No. 62 at 1. Plaintiff contends that the Magistrate Judge identified only one document containing a misrepresentation to American: the Group Enrollment Form. *Id*. at 5. And, according to Plaintiff, "the administrative record does not reveal who completed the first page, which features

3

handwriting different than [Mr. Garcia's] signature on the second page" and "does not reveal when the first page was completed, as it contains no date." *Id*. at 5-6. Essentially, Plaintiff contends that the Group Enrollment form did not require Mr. Garcia to verify the accuracy of any information on the first page, "including the social security number on the first page." *Id*. at 6.

Additionally, Plaintiff argues that Judge Craven erred by finding that any misrepresentation by Mr. Garcia was "material." Citing a Louisiana district court opinion, Plaintiff argues that "material" means information that "materially affects the insurer's risk or the hazard assumed by the insurer." *Id*. at 4 (quoting *Tingle v. Pacific Mutual Ins. Co.*, 837 F. Supp. 191, 193 (W.D. La. 1993)). Plaintiff adds that the eligibility section of the policy "does not make U.S. citizenship or residency or a valid social security number a requirement for eligibility." *Id*. at 8. According to Plaintiff, the Magistrate Judge's reasons for finding that the false social security number was material constituted error because they abandon the definition of "material" and lack supporting evidence. *Id*. at 9-12.

Plaintiff also argues that the Magistrate erred by rejecting the Eighth Circuit's reasoning in *Werdhausen v. Benicorp Ins. Co.*, 487 F.3d. 660 (8th Cir. 2007). In *Werdhausen*, the court found that under ERISA, a fiduciary is obligated to "discharge [its] duties with respect to a plan in the interest of the participant beneficiary." *Id*. at 12-13. Thus, Plaintiff submits, in light of *Werdhausen*, American should be required to choose the option of retroactively adjusting premiums rather than rescinding the policy. *Id*. at 13.

Finally, Plaintiff argues that the Magistrate Judge erred by rejecting a *de novo* standard of review and also erred in its abuse of discretion analysis. Plaintiff claims that the Magistrate Judge should have applied a *de novo* standard of review because "a denial of benefits challenged

4

under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id*. at 14 (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *see also*, Dkt. No. 57 at 11 (Magistrate Judge's review of the applicable standards of review). Plaintiff submits that the Magistrate Judge erred in finding that the Beneficiary Designation form gave American the discretionary authority described in *Firestone* through the form's language that "benefits under any policy will be paid only if AUL decides in its discretion the applicant is entitled to them." *Id*. at 15. Specifically, Plaintiff argues that the Beneficiary Designation form (1) was not an amendment to the policy; (2) would not have given American the necessary discretionary authority even if it had been an amendment; and (3) would lead to illogical results if it indeed did allow for discretionary authority. *Id*. at 15-19. Moreover, even if the abuse of discretion applies, Plaintiff argues, the Magistrate Judge erred in applying the analysis because the administrative record provides no evidence to support the administrator's decision to deny benefits. *Id*. at 21-23.

Defendant American filed a response to Plaintiff's objections. Dkt. No. 64. In response, American argues that Mr. Garcia made a material misrepresentation on his policy and that "Plaintiff has offered no evidence to dispute this fact." *Id*. at 2. With respect to whether Mr. Garcia verified the information on the enrollment form, American submits that those arguments would only be relevant to the question of Mr. Garcia's intent, which is not a necessary factor in the determination. *Id*. at 3. Additionally, American points to the Fraud Notice in the Group Enrollment Form which does not require a "technical 'verification.'" American also adds that Mr. Garcia's misrepresentation was material and that its "rescission and denial turned on the fact

5

that Mr. Garcia not only provided false information, but was not eligible for coverage to begin with because he was not legally an employee of the Group Policyholder, Tatum." *Id*. at 7.

American also responds that the Magistrate Judge properly rejected a de novo review standard and properly applied the abuse of discretion standard. *Id*. at 12-13. American contends that "the determination of an insured applicant's eligibility for benefits is different than the determination of a designated beneficiary's entitlement to life insurance proceeds upon the death of the insured" and that "the former is a prerequisite to the latter." *Id*. at 14. And according to American, it "clearly possessed the power to determine entitlement to benefits, as well as the prerequisite eligibility of the applicant." *Id*.

### IV. *DE NOVO* REVIEW

Plaintiff's objections are two-fold. First, Plaintiff objects on the ground that the Magistrate Judge erred in applying an abuse of discretion standard. Second, Plaintiff objects on the ground that the Magistrate Judge erred in finding that Mr. Garcia made a material misrepresentation. On balance, neither objection has merit.

First, American bears the burden of determining that the abuse of discretion standard of review applies in this case. *See Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir.1999). As the Magistrate Judge found, American has met this burden. In light of the policy language including the Beneficiary Designation form, American is vested with the discretionary authority to determine eligibility for benefits and an abuse of discretion standard of review therefore applies. Plaintiff's arguments to the contrary lack merit. The Policy, as a whole, demonstrates that the American possessed the power to determine eligibility benefits for the applicant as well as any benefits owed to beneficiaries. Dkt. No. 57 at 12-13.

6

Moreover, the factual determination of whether Mr. Garcia was or was not a legal resident or legal employee in this country would be subject to an abuse of discretion review. *Pierre v. Connecticut Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991) ("We believe that an abuse of discretion standard best balances the need to respect the plan administrator's factual determinations and the need to protect beneficiaries by providing some judicial review of those decisions."); *see also, Hilton v. Ashland Oil Inc.*, No. 96-40100, 1996 WL 731358 at *5 (5th Cir. November 11, 1996) ("[D]ecisions of the plan administrator must stand unless there is an abuse of discretion."). Thus, under either reasoning, American's determination as to Mr. Garcia's benefits was properly reviewed by the Magistrate Judge under an abuse of discretion standard.

Second, the Magistrate Judge's finding that Mr. Garcia made a material misrepresentation is equally not erroneous. As an initial matter, it remains undisputed that Mr. Garcia provided a false SSN, and Plaintiff has not argued that Mr. Garcia does indeed have a valid SSN or that he was legally entitled to be present or work in the United States. Instead, Plaintiff's main argument is that Mr. Garcia's providing a false SSN on his application did not constitute a material misrepresentation that could justify American's decision to retroactively rescind his coverage. With respect to the false SSN, Plaintiff's argument that Mr. Garcia "simply [] verified the block-quoted language above his signature" lacks merit. Dkt. No. 62 at 7. The Magistrate Judge's thorough review resulting in a finding that Mr. Garcia made a fraudulent statement at the time he signed up for the insurance was not error. Dkt. No. 57 at 34. That is, Mr. Garcia knew that the SSN he provided was not his.

Plaintiff argues that to the extent any representation was made, it was not material. Dkt. No. 62 at 7. This argument also cannot be sustained. Despite Plaintiff's arguments to the

7

contrary, eligibility for employment under the U.S. immigration laws would be material for any plan. As discussed in *Hoffman Plastic Compounds, Inc. v. NLRB* – also cited and reviewed by the Magistrate Judge – the Immigration Reform and Control Act ("IRCA") "makes it a crime for an unauthorized alien to subvert the employer verification system by tendering fraudulent documents" and prohibits aliens from using "'any document lawfully issued to or with respect to a person other than the possessor' for purposes of obtaining employment in the United States." 545 U.S. 137, 148, 122 S. Ct. 1275, 1283 (2002). Therefore, "[u]nder the IRCA regime it is *impossible* for an undocumented alien to obtain employment in the United States without some party directly contravening *explicit* congressional policies." *Id*. (emphasis added).

Plaintiff would have this Court overlook the fact that Mr. Garcia submitted a false SSN, ostensibly in order to become employed by Tatum, so that she may benefit from a policy for which Mr. Garcia would not otherwise have been eligible. *Cf. Hoffman*, 535 U.S. at 148-149 (" The Board asks that we overlook this fact and allow it to award backpay to an illegal alien for years of work not performed, for wages that could not lawfully have been earned, and for a job obtained in the first instance by a criminal fraud."). As the Magistrate Judge found, an "applicant's SSN is a vital piece of information pertinent to the insurer's accurate identification of the person seeking to be insured." Dkt. No. 57 at 34. Indeed, it is required by law. *See* 8 U.S.C. §1324(a)(1). Simply, as the Magistrate Judge found, "American actually issued coverage to an individual who only secured employment (upon which eligibility was based) by means of tendering fraudulent identification to the employer," and "had Tatum known of [Mr. Garcia's] illegal status, it would not have offered him employment just as American would not have issued coverage had it known of same." Dkt. No. 57 at 36.

The conclusion that Mr. Garcia made a material misrepresentation does not, as Plaintiff argues, abandon the meaning of "material" nor does it suffer from a lack of evidence. To be sure, Mr. Garcia's undocumented status prevents him from legally obtaining employment, let alone coverage under a group insurance policy. Additionally, there is sufficient evidence – undisputed by Plaintiff – to indicate that Mr. Garcia did not have a valid SSN and provided a false SSN in order to obtain employment. *See, e.g.,* Garcia Ex. 71 & 73 (Group Enrollment Form and Beneficiary Designation Form).

## V. CONCLUSION

In sum, upon *de novo* review, Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, Plaintiff's objections to the Report and Recommendation are hereby **OVERRULED**. Plaintiff's Motion for Summary Judgment, Dkt. No. 49, is hereby **DENIED**, and of Defendant AUL's Cross-Motion for Summary Judgement, Dkt. No. 53, is hereby **GRANTED**. Further, Plaintiff's above-entitled cause of action is hereby **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**
    SIGNED this 31st day of March, 2010.

    DAVID FOLSOM
    UNITED STATES DISTRICT JUDGE